IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:09-501-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TOBY K. HAMM | ) | |
| | ) | |
| _____ | ) | |

    Pending before this court is the defendant's petition under 28 U.S.C. § 2255. The Government has filed a motion to dismiss or for summary judgment. Because the defendant does not have an attorney, the Clerk is directed to send him by mail a copy of this Order, an explanation of summary judgment procedure, and a copy of pertinent extracts from Rule 12 and Rule 56 of the Federal Rules of Civil Procedure.

    Defendant shall have a period of **thirty-four (34) days** from the date of this Order to file any material he wishes to file in opposition to the motion in accordance with the requirements explained in the Rules, and if he fails to respond adequately, the motion may be granted, thereby ending this case.[1] Careful attention should be given to the requirements of Rule 56(c)(4) concerning the necessity for affidavits or declarations filed in opposition to summary judgment to be based on personal knowledge, to contain facts admissible in evidence, and to be executed by a person who would be competent to testify as to matters contained in the affidavit or declaration if he were called to the witness stand. Affidavits or declarations or exhibits pertaining to matters that are not involved in this case will not be considered by the court, nor will affidavits or declarations that contain only conclusory statements or argument of facts or law.

    A person who is representing himself in federal court may submit a brief or memorandum containing argument if he desires to do so, but this is not required. However, submission of a brief, or even the filing of a reply to an answer or return, will not be sufficient alone to withstand a properly supported motion for summary judgment.

    In addition, the defendant's motion for copies of his pleadings and transcripts is granted in part and denied in part (ECF No. 1576). The Clerk shall forward a copy of the defendant's §2255 petition to him, along with his docket sheet. However, the request for copies of sentencing transcripts is denied.

    IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

December 6, 2011                  Joseph F. Anderson, Jr.
Columbia, South Carolina          United States District Judge

---

[1] This is one (1) month plus four (4) days mail time, and the time will not be enlarged unless highly persuasive reasons are submitted under oath to support a motion to enlarge time.

## EXPLANATION OF SUMMARY JUDGMENT PROCEDURE
(For parties who do not have counsel)[2]

When a party moves or pleads for summary judgement under Rule 56, or sets up in a motion or pleading a defense that the opposing party has failed to state a claim upon which relief can be granted, he is arguing, in effect, that a constitutional claim has not been shown by the plaintiff's complaint (or the Defendant's motion).  If affidavits or declarations or other material are submitted by a party to support that defense, and if the court accepts such matters outside the pleading, the court treats the submission as a request for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

In 2010, Rule 56 was amended to remove the requirement of a formal affidavit.  A party may submit an unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury pursuant to 28 U.S.C. § 1746 to substitute for an affidavit.

When affidavits or declarations or other material outside the pleading of a party are served on a *pro se* opposing party, the *pro se* party cannot rest upon the allegations or denials of his own pleadings.  He has a right to file one or more opposing affidavits or declarations or other exhibits, and indeed must do so if his action is to survive.  If this is not done, the court may very well grant summary judgment against him.

Affidavits or declarations submitted by pro se litigants must meet the standards required by Rule 56(c)(4):

> "(c)(4)  ***Affidavits or Declarations.***  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

If a pro se litigant does not fully understand what facts would be admissible, and who would be competent to testify, he should not withhold affidavits or declarations; the court will determine whether these standards are met by his affidavit(s) or declaration(s).

Under Rule 56(d), if a person served with affidavits or declarations cannot obtain opposing affidavits or declarations, he must submit his own affidavit or declaration, stating why he cannot present by affidavit or declaration facts essential to justify his opposition to the facts set out in the affidavits or declarations served by the opposing party.  Under Rule 56(h), all affidavits or declarations submitted to the court must be made in good faith (and, obviously, the facts sworn to must be true),[3] and appropriate action will be taken by the court if it is satisfied that affidavits or declarations are presented in bad faith, or solely for the purpose of delay.

## EXCERPTS FROM RULE 12 AND RULE 56

---

[2] This explanation, or one of similar import, is required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which was a civil rights case.  The same procedure applies in federal habeas corpus cases under *Webb v. Garrison*, 558 F.2d 1030 (4th Cir. 1977) (unpublished).

[3] Affidavits or declarations are submitted under penalties of perjury or subornation of perjury (18 U.S.C. §§ 1621, 1622, and 1746), and the statute which makes it a crime to use of the mail to defraud (18 U.S.C. § 1341) has been applied to convict a person who transmitted false averments by mail in a civil rights suit seeking damages.  *United States v. Murr*, 681 F.2d 246 (4th Cir. 1982).

Federal Rules of Civil Procedure[4]

Rule 12(b) provides, in part:

> "If, on a motion asserting the defense . . . to dismiss for failure of the pleading [this means the complaint, motion or petition] to state a claim upon which relief can be granted, matters outside the pleading [this means the answer or return] are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent [that is, having some connection with the matter or matters in dispute] to such a motion by Rule 56."

Rule 56 provides, in part:

> "(b) Unless a different time is set by local rule or the court others otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."
>
> "(c) **Procedures**.
>
> (1) ***Supporting Factual Positions***.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2) ***Objection That a Fact Is Not Supported by Admissible Evidence***.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> (3) ***Materials Not Cited***.  The court need consider only the cited materials, but it may consider other materials in the record.
>
> (4) ***Affidavits or Declarations***.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

---

[4]The material contained within brackets is inserted by way of explanation of terms used, and is not a part of the Rules quoted.  These extracts are prepared for the use of state and federal prisoners who submit complaints, petitions or § 2255 motions to the United States District Court in his or her own behalf (*pro se*).